UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
JAN 20 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN CHEMICAL RESINS, INC.<br><br>Defendant. | Civ. No. 2:11cv41 |

## STIPULATION AND ORDER BETWEEN PLAINTIFF AND DEFENDANT EASTMAN CHEMCAL RESINS, INC.

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action ("Complaint") alleging, *inter alia*, that Defendant Eastman Chemical Resins, Inc. ("Eastman"), violated Section 311(j) of the Clean Water Act, ("CWA"), 33 U.S.C. § 1321(j); Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3); and Section 3008 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928; in connection with the Franklin Plant in Courtland, Virginia.

WHEREAS, Eastman does not admit any issue of law or fact and denies liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the United States and Eastman (the "Parties") agree that settlement of the United States's claims against Eastman, without further litigation, is in the public interest.

WHEREAS, the Parties further agree that the Court's approval of this Stipulation and Order ("Stipulation") is an appropriate means of resolving the claims in this action.

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, except as provided in Paragraph 1, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, Sections 309(b) and 311(b)(7)(e) of the CWA, 42 U.S.C. §§ 1319(b) and 1321(b)(7)(e), and Sections 3008(a) of RCRA, 42 U.S.C. § 6829(a). Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1395(a), because Eastman owns and/or operates land and manufacturing units at the Franklin Plant in Courtland, Virginia or does business within the District; and because the alleged violations occurred within the District. Eastman waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure.

2. Eastman shall, within 30 days of the date this Stipulation is entered by the Court, pay to the United States a civil penalty in the amount of three hundred sixty-five thousand, five hundred dollars ($365,500).

3. The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures, referencing USAO File No. 2010V01219, and DOJ Case No. 90-5-1-1-09300/3. The payment shall be made in accordance with instructions provided to Eastman by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Virginia. Any EFTs received at the DOJ lockbox bank after 4:00 p.m. Eastern Time will be credited on the next business day. Within five business days of payment, Eastman shall provide written notice of payment and a copy of any transmittal documentation to DOJ, EPA, and the U.S. Attorney's Office at the addresses below.

| | |
|---|---|
| As to DOJ: | Chief, Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ No. 90-5-1-1-09300/3 |
| As to EPA: | Larry Whitson<br>Office of Regional Comptroller (3PM30)<br>U.S. Environmental Protection Agency<br>Region III<br>1650 Arch Street<br>Philadelphia, PA 19103-2029 |
| As to EPA: | James F. Van Orden<br>Office of Regional Counsel (3RC42)<br>U.S. Environmental Protection Agency<br>Region III<br>1650 Arch Street<br>Philadelphia, PA 19103-2029 |
| As to the U.S. Attorney's Office: | Craig P. Wittman<br>United States Attorney's Office<br>101 West Main Street, Suite 8000<br>Norfolk, Virginia 23510<br>Re: USAO No. <u>2010V01219</u> |

4.  If the civil penalty is not fully paid when due, Eastman shall pay a stipulated penalty of $500 per day for each day that the payment is delayed beyond the due date. Interest shall accrue on the unpaid balance. "Interest" shall mean interest at the statutory judgment rate established by 28 U.S.C. § 1961. The applicable rate of Interest shall be the rate in effect at the time the Interest accrues. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Eastman of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

3

5. All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

6. The payment by Eastman under this Stipulation shall resolve the civil claims of the United States for the violations alleged in the Complaint through the date on which this Stipulation and Order is filed with the Court by the Parties.

7. The United States reserves, and this Stipulation is without prejudice to, all rights against Eastman with respect to all other matters not asserted by the United States in the Complaint, including, but not limited to, any criminal liability.

8. Nothing in this Stipulation shall be construed to release Eastman or its agents, successors, or assigns from their respective obligations to comply with any applicable Federal, State, or local law, regulation, or permit. Nothing contained herein shall be construed to prevent or limit the United States's rights to seek penalties or injunctive relief for any violations of the CWA or RCRA other than those expressly alleged in the complaint.

9. This Stipulation shall constitute an enforceable judgment for purposes of post-judgment collection in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties and interest. Further, Eastman shall be liable for attorneys' fees and costs incurred by the United States to collect any amounts due under this Stipulation but not paid on or before the date due.

10. After receipt of the full settlement amount to be paid by Eastman, the United States and Eastman shall execute and file with the Court a stipulation of dismissal with prejudice

with respect to Plaintiff's claims against Eastman. The United States's Complaint in this action shall be dismissed only upon payment of the entire settlement amount and any other monies due in accordance with this Stipulation.

11. Each party shall bear its own costs and attorneys' fees in this matter, except as provided in paragraph 9, above.

12. The undersigned representatives of Eastman and the Assistant Attorney General of the Environment and Natural Resources Division or his or her designee each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Eastman and the United States, respectively, to it.

SO ORDERED this 20th day of January, 2011.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
United States District Judge
Eastern District of Virginia

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

*[signature]*
BRUCE S. GELBER
Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

*[signature]*
DANIEL S. SMITH
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
601 D Street, NW
Washington, D.C. 20004
dan.smith2@usdoj.gov
202-305-0371 (voice)
202-616-6583 (fax)

NEIL H. MACBRIDE
United States Attorney

1/13/11
Date

By: *[signature]*
CRAIG P. WITTMAN
Assistant United States Attorney
Virginia Bar No. 39409
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - Craig.Wittman@usdoj.gov

6

*signature*   JAN 10 2011

SHAWN M. GARVIN
Regional Administrator
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

*signature*

MARCIA E. MULKEY
Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

*signature*   12/21/10

JAMES F. VAN ORDEN
Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

**FOR EASTMAN CHEMICALS RESINS, INC.**

_12/8/2010_
Date

*Ronald D. Lerario* (signature)
RONALD D. LERARIO
Vice President
Eastman Chemical Resins, Inc.
PO Box 567
West Elizabeth, PA 15088-0567

_12/7/2010_
Date

(signature)
MICHAEL R. DAGLIO (VSB No. 42699)
JEFFREY F. STARLING (VSB No. 65986)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone Number: 804-775-4388
Facsimile Number: 804-698-2046
Email Address: mdaglio@mcguirewoods.com;
jstarling@mcguirewoods.com

8